STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ADAM TROY STELTZ,
*Defendant-Appellant.*

Multnomah County Circuit Court
041136208; A149723

313 P3d 387

Peter Gartlan, Chief Defender, and Zachary Lovett Mazer, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin C. Lagesen, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

PER CURIAM

## PER CURIAM

In 2004, defendant entered a no-contest plea to one count of attempted first-degree rape and was given a stipulated downward-departure sentence of 10 years of supervised probation. The trial court revoked that probation in 2011 based on defendant's conviction on new criminal charges in Marion County. Those convictions are the subject of defendant's appeal in *State v. Steltz (A149320)*, 259 Or App 212, 313 P3d 312 (2013).

Here, defendant argues that, if we vacate his 2011 convictions from Marion County, we "should also vacate the judgment of revocation in this case" and remand for reconsideration. In *Steltz*, we did not vacate defendant's convictions and remand for a new trial, as he had urged. Instead, we accepted only one of defendant's arguments—that the Marion County court erred by failing to merge some of his convictions into others. Accordingly, we reversed and remanded with instructions that the court merge certain convictions. Defendant does not argue that merger of some of the Marion County convictions, standing alone, would entitle him to reconsideration of the probation-revocation decision in this case. Rather, his argument in this case is pinned solely on his hope that we would vacate all of his Marion County convictions in *Steltz*. Because defendant did not obtain that result in *Steltz*, his appeal in this case presents no basis for reversal of the order revoking his probation on his 2004 conviction.

Affirmed.